An assignment of an order for a title bond, with a promise in it to pay $200, if the bond was not obtained in sixty days, is not an instrument within the statute dispensing with proof, &c.

ASSUMPSIT.  Bacon held an order on Ward for a title bond for a town lot in Urbana, which he assigned to Pearce in consideration of $200.  The assignment had this clause in it: 'If I should not procure the bond for a title for the within lot from the director of the town of Urbana within sixty days, then I promise to pay said Pearce the above amount.'  Non assumpsit was pleaded without affidavit.

The plaintiff offered to read the note without proving its execution.

*Bacon,* objected.

*Schenck,* replied.

WOOD, J.  The instrument is not one described in the statute dispensing with proof in certain cases, and its execution must be proven, as if the statute had never been enacted.

---

## ELIZA ANN UTSLER *v.* NATHANIEL UTSLER.

Divorce—identity of name and person.

When the defendant is named *Nathaniel* in the bill, and he was convicted by the name of *Nathan*, proof may be received to show that these designations are of the same person; and also, that the two names are in the neighborhood esteemed one and the same.

DIVORCE.  Cause confinement in the penitentiary for horsestealing.  The facts were proven.  In the record of conviction, the defendant was named *Nathan;* in this proceeding he is named *Nathaniel.*

It was questioned whether this was the same person.  Several witnesses were admitted who testified, that in this part of the country *Nathan* and *Nathaniel* are considered the same name, and one witness who was at the trial, identified *the convict to be the husband* of the complainant.

Divorce decreed.